UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Cody Robert Hoffman, | No. 2:22-cv-00104-KJM-AC |
| Plaintiff, | ORDER |
| v. | |
| Latanya Taylor Lyles, et. al., | |
| Defendants. | |

      Defendants Latanya Taylor Lyles and Lazaro Guerrera, who appear pro se, removed this unlawful detainer action from San Joaquin Superior Court. *See* Not. Removal, ECF No. 1. Defendants have also moved to proceed in forma pauperis. *See* Mot., ECF Nos. 2, 3. The court has reviewed the complaint and notice of removal and has determined on its own motion that it lacks subject matter jurisdiction. This action is thus **remanded** to the state court.

      When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, a defendant may remove it to federal court. 28 U.S.C. § 1441(a). There are two primary bases for federal subject matter jurisdiction. First, under § 1331, district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Second, under § 1332, district courts have diversity-of-citizenship jurisdiction where the amount in controversy exceeds $75,000 and the parties are completely diverse. 28 U.S.C. § 1332.

1    Here, the parties are not diverse, and the complaint includes no claims arising under federal law. *See generally* Compl., Notice of Removal Ex. A, ECF No. 1. Defendants argue this court has federal question jurisdiction "because Defendant's Answer . . . depend[s] on the determination of Defendant's rights and Plaintiff's duties under federal law." *Id.* ¶ 10. Federal question jurisdiction cannot rest upon an actual or anticipated defense or counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

2    A federal district court may remand a case on its own motion where a defendant has not established federal jurisdiction. *See* 28 U.S.C. § 1447(c); *Enrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)). This action is thus **remanded** to the San Joaquin County Superior Court.

The motions to proceed in forma pauperis are **denied as moot**.

The Clerk's Office is directed to **close this case**.

IT IS SO ORDERED.

DATED: January 26, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE